## PARKER v. DRAGGER.

### No. 3854.

Court of Civil Appeals of Texas. Amarillo.
June 22, 1932.

Rehearing Denied Sept. 21, 1932.

J. D. Thomas, of Farwell, and Carl Gilliland, of Hereford, for appellant.

Lockhart & Brown and Tom Garrard, all of Lubbock, for appellee.

**JACKSON, J.**

The appellant, G. A. F. Parker, sued J. H. Dragger and the appellee, J. B. Dragger, in trespass to try title to recover title and possession of section 2, Davis subdivision, league 466, containing 193 acres, and the E. 67 acres of section 8, Davis subdivision in league 465, 466, in Parmer county, Tex.

The appellant had a writ of sequestration issued, which was duly served by the sheriff, and appellee dispossessed.

J. H. Dragger disclaimed and was dismissed from the suit.

J. B. Dragger, the appellee, answered by exceptions and general denial, plea of not guilty, and alleged, by way of cross-action against appellant and his sureties on the sequestration bond, that in August, 1929, by an oral contract, the appellee leased the land above described for the year 1930 from appellant, and agreed to pay as rental for the use thereof certain portions of the crop produced. That appellant reserved the right to sell the land at any time prior to January 1, 1930, but agreed that if the land was sold, he would give notice to appellee thereof and pay him for all necessary labor done by him before January 1, 1930, in breaking and listing said land and for all material and seed used in planting said land in wheat. That pursuant to the lease contract, appellee planted 112 acres of land in wheat, furnishing all labor and seed therefor, the reasonable value of which, including wear and tear on machinery, was $5 per acre, or $560. That he listed 44 acres for cotton, the reasonable value of which labor was $2 per acre, and broke up 13 acres of land on which blue weeds grew, which was of the reasonable value of $2 per acre.

On sufficient allegations appellee sought to recover for the value of his part of the crop, which he alleges he would have grown in the year 1930 but for the wrongful acts of appellant in dispossessing him. In the alternative appellee seeks to recover for the value of labor done and seed and material furnished by him prior to January 1, 1930.

The appellant was adjudged title to and possession of the land and appellee denied any recovery for his alleged unlawful ejection under the writ of sequestration. No complaint is made of this part of the judgment.

On appellee's alternative plea for the value of the labor done and the seed furnished, in response to special issue No. 1, the jury found, in substance, that the appellant agreed to pay the appellee for breaking and planting 112 acres of land to wheat and for breaking 13 acres of land that were in blue weeds, provided appellant sold the land; and in response to special issue No. 2, that the reasonable value for breaking and sowing the

112 acres of land to wheat and for breaking the 13 acres that were in blue weeds was $306.

The appellant urges that special issues Nos. 1 and 2 are erroneous as submitted because the appellee did not plead in his cross-action that he ever broke any of the land planted to wheat or that appellant agreed to pay for sowing said land or agreed to pay for breaking 13 acres that were in blue weeds and no allegations from which the value of the alleged work done by appellee can be determined.

There is no statement of facts in the record; no error is presented relative to the action of the trial court in ruling on exceptions and demurrers or on the objections to the court's charge. The contention is that the special issues as submitted present fundamental error. It will be noted that under the issues submitted the appellee was not permitted to recover for the seed or material furnished or for any wear or tear to machinery, but his recovery is restricted to the reasonable value of breaking and planting the 112 acres to wheat and the reasonable value of breaking the 13 acres that were in blue weeds.

In our opinion the record does not present fundamental error as charged, and the judgment is affirmed.